1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED FINANCIAL CASUALTY
COMPANY, a foreign insurer;

          Plaintiff,

     v.

RAPID AGE GROUP, LLC, a Washington
Limited Liability Company; VITALIY
PAPIRNIK and IRINA PAPIRNIK,
individually and as the marital community
comprised thereof; THE ESTATE OF ERICK
TSOSIE; THE ESTATE OF CALSIE
SOCKYMA; THE ESTATE OF JAVAN
RUNNELS; THE ESTATE OF FELIX
BEGAY; THE ESTATE OF CERRA
CORNER; THE ESTATE OF LISA
ESPARANZA; and ANTHONY PENA, an
individual;

          Defendants.

No.  3:23-cv-6068

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff United Financial Casualty Company (UFCC) submits the following Complaint for

Declaratory Relief pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57.

## I.  PARTIES

1.1    Plaintiff UFCC is a foreign insurer organized under the laws of Ohio and is

headquartered in Ohio.

COMPLAINT FOR DECLARATORY RELIEF  – 1
Case No. 3:23-cv-6068

1.2     Upon information and belief, Defendant Rapid Age Group, LLC (Rapid Age) is a Washington limited liability company headquartered in Washington. Upon information and belief, all members of Rapid Age are residents and citizens of Washington.

1.3     Upon information and belief, Defendant Vitaliy Papirnik is a resident of Washington.

1.4     Upon information and belief, Defendant Irina Papirnik is a resident of Washington. Defendant V. Papirnik and Defendant I. Papirnik will hereinafter be collectively referred to as the "Papirnik Defendants."

1.5     Upon information and belief, at the time of the subject loss, Erick Tsosie was a citizen of Arizona, and the Estate of Erick Tsosie is currently pending in Arizona.

1.6     Upon information and belief, at the time of the subject loss, Calsie Sockyma was a citizen of Arizona, and the Estate of Calsie Sockyma is currently pending in Arizona.

1.7     Upon information and belief, at the time of the subject loss, Javan Runnels was a citizen of Arizona, and the Estate of Javan Runnels is currently pending in Arizona.

1.8     Upon information and belief, at the time of the subject loss, Felix Begay was a citizen of Arizona, and the Estate of Felix Begay is currently pending in Arizona.

1.9     Upon information and belief, at the time of the subject loss, Cerra Corner was a citizen of Arizona, and the Estate of Cerra Corner is currently pending in Arizona.

1.10    Upon information and belief, at the time of the subject loss, Lisa Esparanza was a citizen of Arizona, and the Estate of Lisa Esparanza is currently pending in Arizona.

1.12    Upon information and belief at the time of the subject loss, Anthony Pena is a citizen of Arizona.

1.13    The parties named above in paragraphs 1.6 through 1.12 will hereinafter

COMPLAINT FOR DECLARATORY RELIEF – 2
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1  collectively be referred to as the "Underlying Claimants."

2  ## II.   JURISDICTION AND VENUE

3      2.1   Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 et sequent,

4  as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

5      2.2   This Court has jurisdiction over this Declaratory Judgment action pursuant to 28

6  U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with

7  respect to the existence of insurance coverage under the Policies of insurance issued by UFCC. A

8  judicial determination and declaration of the rights and obligations of the parties is necessary and

9  appropriate at this time because UFCC has no adequate remedy allowed to resolve the current

10  controversy.

11      2.3   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves

12  a dispute over the application of insurance coverage under policies written out of Washington,

13  events and omissions which give rise to this claim occurred in this district, and because all of the

14  Defendants are subject to this Court for personal jurisdiction.

15  ## III.   FACTUAL BACKGROUND

16  **A.**    **The Subject Loss**

17      3.1   This claim arises from an automobile collision which occurred on Sunday, July 16,

18  2023, at approximately 11:15 a.m. in Tacoma, Washington.

19      3.2   Defendant Vitaliy Papirnik was driving a 2021 BMW X7.

20      3.3   It is alleged that Vitaliy Papirnik was negligent in the operation of the BMW X7,

21  causing an accident.

22      3.4   The accident caused bodily injury and death.

23      3.5   As a result of the subject accident, the Underlying Claimants seek damages from

24

COMPLAINT FOR DECLARATORY RELIEF – 3
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1    Rapid Age and the Papirnik Defendants for alleged negligence (the "Underlying Claims").

2        3.6     UFCC is currently defending Rapid Age and the Papirnik Defendants under an

3    express Reservation of Rights.

4    **B.      The Commercial Policy**

5        3.7     UFCC issued a commercial automobile policy to Rapid Age, Policy No. 03204610-

6    0 (effective 9/13/22–9/13/23) (the "Commercial Policy").

7        3.8     The Commercial Policy includes both Commercial Auto Liability and Commercial

8    General Liability (CGL) coverage parts. Under the Commercial Auto coverage part, the

9    Commercial Policy includes a $1M combined single limit of liability for bodily injury and property

10   damage for liability to others. Under the CGL coverage part, the Commercial Policy includes a

11   $1M each occurrence and $2M general aggregate limit of liability for trucking operations.

12       3.9     Vitaliy Papirnik is listed as a rated driver on the Commercial Policy.

13       3.10    As of July 16, 2023, the 2021 BMW X7 involved in the subject loss was not listed

14   as an insured auto under the Commercial Policy.

15       3.11    The Commercial Policy's Commercial Auto coverage part provides the following

16   provisions regarding who is an insured:

17           A.      When used in Part I - Liability To Others, **insured** means:

18               1.      **You** with respect to an **insured auto**.

19               2.      Any person while using, with **your** permission, and
                         within the scope of that permission, an **insured auto**
20                       **you** own, hire, or borrow except:

21                   (a)    Any person while he or she is working in a
                            business of selling, leasing, repairing,
22                          parking, storing, servicing, delivering or
                            testing **autos**, unless that business is **yours**
23                          and it was so represented in your application.

24

COMPLAINT FOR DECLARATORY RELIEF – 4
Case No. 3:23-cv-6068

(b)     Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).

(c)     The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

(d)     The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

For purposes of this subsection A.2., an **insured auto you own** includes any **auto** specifically described on the declarations page.

3.      Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B.      When used in Part I - Liability To Others, **insured auto** also includes:

…

3.      Any **temporary substitute auto**; and

…

Form 6912 (02/19).

3.12    The Commercial Policy's CGL coverage part provides the following provisions

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

regarding who is an insured:

       7.    **"Insured"** means:

          a.    If **you** are designated in on the **Declarations Page** as:

             …

             iii.    A limited liability company: **you**. **Your** members are also **insureds**, but only with respect to the conduct of **your** business. **Your** managers are **insureds**, but only with respect to their duties as **your** managers.

               …

          b.    Each of the following is also an **insured**:

             …

             ii.    **Your** employees, other than **your executive officers** (if **you** are an organization other than a partnership, joint venture or limited liability company) or **your** managers (if **you** are a limited liability company), but only for acts within the scope of their employment by **you** or while performing duties related to the conduct of **your** business.

Form Z433 WA (07/08).

    3.13    The Commercial Policy's Commercial Auto coverage part includes  the following insuring agreement:

### PART I - LIABILITY TO OTHERS

**INSURING AGREEMENT – LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. […]

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

Form 6912 (02/19).

3.14    The Commercial Policy's CGL coverage part includes the following insuring agreement:

**COVERAGE  A – BODILY  INJURY  AND  PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

    a.      **We** will pay those sums, OTHER THAN PUNITIVE OR EXEMPLARY DAMAGES, that the **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** to which this insurance applies. **We** will have the right and duty to defend the **insured** against any **suit** seeking those damages. However, **we** will have no duty to defend the **insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply. **We** may, at **our** discretion, investigate any **occurrence** and settle any claim or **suit** that may result. However:

        (1)      The amount **we** will pay for damages is limited as described in Section II – Limits Of Liability; and

        (2)      **Our** right and duty to defend ends when **we** have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A and B or medical expenses under Coverage C;

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b.      This insurance applies to **bodily injury** and **property damage** only if:

(1)     The **bodily injury** or **property damage** is caused by an **occurrence** that takes place in the **coverage territory**; and

(2)     The **bodily injury** or **property damage** occurs during the policy period.

Any **bodily injury** or **property damage**, whether such **bodily injury** or **property damage** is known or unknown, that first occurred prior to the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), or that is, or alleged to be, in the process of occurring at the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier), even if the **occurrence** continues during this policy period, will be deemed to have occurred prior to the policy period. Any **bodily injury** or **property damage**, whether known or unknown, which is in the process of settlement, adjustment or **suit** as of the inception date of this policy (or the retroactive date of this policy, if any, whichever is earlier) will also be deemed to have occurred prior to the policy period.

**Bodily injury** or **property damage** that first occurs during this policy period includes any continuation, change or resumption of that **bodily injury** or **property damage** after the end of this policy period.

c.     Damages because of **bodily injury** or **property damage** include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the **bodily injury**.

d.     In the event that a claim or **suit** seeks damages, some of which are covered and others of which are not covered by this policy, the **insured** must agree to a reasonable allocation of the costs and fees of defense, and the **insured** will be responsible for payment of the costs and fees to defend the damages or claims not covered by this policy. This agreement shall be reached in writing, signed by the **insured** and **us**, prior to the date when a responsive pleading to the claim or **suit** is filed on behalf of the **insured**. In the absence of such agreement, **our** duty to defend will apply only to those specific portions of the **suit** that are covered.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

Form Z433 WA (07/08).

      3.15    The Commercial Policy includes the following CGL exclusions:

**GENERAL POLICY EXCLUSIONS**

**The following exclusion is applicable to both Coverage A and Coverage B.**

This endorsement provides no coverage for the following:

      12.    Other than Trucking Operations

> **Bodily injury, property damage,** or **personal or advertising injury** arising out of any activity other than the insured's trucking operations or suffered by any person present at the **insured's** premises for reasons that, principally, are not related to the conduct of the **insured's** trucking operations. For purposes of this exclusion, the following are deemed to be other than trucking operations and are excluded:
>
> (i)    the use of the **insured's** property for any non-business purpose, such as, for example, a residence; or
>
> (ii)    the conduct of any business activity or the rendering of any professional service that is not a necessary part of the insured's trucking operations.
> …

Form 2371 (06/10).

**<u>EXCLUSIONS</u>–READ THE FOLLOWING EXCLUSIONS CAREFULLY.**

**We** will not pay for loss or damage caused by any of the excluded events described below. **Loss** or damage will be considered to have been caused by an excluded event if the occurrence of that peril:

a.    Directly and solely results in **loss** or damage; or

b.    Initiates a sequence of perils that results in **loss** or damage, regardless of the nature of any intermediate or final peril in that sequence.

Coverage under Coverage A does not apply to:

COMPLAINT FOR DECLARATORY RELIEF – 9
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

…

**f.**     **Aircraft, Auto or Watercraft**

**Bodily injury** or **property damage** arising out of:

(1)     The ownership, maintenance, use, or entrustment to others of any aircraft, **auto** or watercraft owned or operated by or rented, leased or loaned to any **insured**; or

(2)     Any **auto you** do not own, lease, hire, rent or borrow that is used in connection with **your** business.

Form Z433 WA (07/08).

3.16    The Commercial Policy's Commercial Auto coverage part includes the following other insurance provisions:

**3.**     **Other Insurance**

a.     For any **insured auto** that is specifically described on the **declarations page,** this policy provides primary coverage. For an **insured auto** which is not specifically described on the **declarations page,** coverage under this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent. However, if the **insured auto** that is specifically described on the **declarations page** is a **trailer,** this policy will be excess over any and all other valid and collectible insurance, whether primary, excess or contingent, unless the **trailer** is attached to an **insured auto** that is a power unit **you** own and that is specifically described on the **declarations page.**

b.     If coverage under more than one policy applies on the same basis, either excess or primary, we will pay only **our** proportionate share. **Our** proportionate share is the proportion that the Limit of Liability of this policy bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Form 6912 (02/19).

3.17    The Commercial Policy's CGL coverage part includes the following other

COMPLAINT FOR DECLARATORY RELIEF  – 10
Case No. 3:23-cv-6068

insurance provisions:

2.    **Other Insurance**

If other valid and collectible insurance is available to the **insured** for a **loss we** cover under Coverages A and B of this policy, **our** obligations are limited as follows:

a.    Primary Insurance

This insurance is primary except when Paragraph b. below applies. If this insurance is primary, **our** obligations are not affected unless any of the other insurance is also primary. Then, **we** will share with all that other insurance by the method described in Paragraph c. below.

b.    Excess Insurance

When this insurance applies, it is excess over:

(1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

(a)    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for **your work**;

(b)    That is Fire insurance for premises rented to **you** or temporarily occupied by **you** with permission of the owner;

(c)    That is insurance purchased by **you** to cover **your** liability as a tenant for **property damage** to premises rented to **you** or temporarily occupied by **you** with permission of the owner; or

(d)    If the **loss** arises out of the maintenance or use of an **auto**, aircraft or watercraft to the extent not subject to Exclusions m., n. or o. of Section I – Coverage A – Bodily Injury And Property Damage Liability.

(2)    Any other primary insurance available to **you** covering liability for damages arising out of the premises or operations for which **you**

COMPLAINT FOR DECLARATORY RELIEF – 11
Case No. 3:23-cv-6068

have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, **we** will have no duty under Coverages A and B to defend the **insured** against any **suit** if any other insurer has a duty to defend the **insured** against that **suit**. If no other insurer defends, **we** will undertake to do so, but **we** will be entitled to the **insured's** right against all those other insurers.

When this insurance is excess over other insurance, **we** will pay only **our** share of the amount of the **loss**, if any, that exceeds the sum of:

(1)     The total amount that all such other insurance would pay for the **loss** in the absence of this insurance; and

(2)      The total of all deductible and self-insured amounts under all that other insurance.

**We** will share the remaining **loss**, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the **Declarations Page** of this policy.

c.     Method of Sharing

If all of the other insurance permits contribution by equal shares, **we** will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the **loss** remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, **we** will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

Form Z433 WA (07/08).

3.18     The Commercial Policy includes the following duties provisions:

## DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident or loss** even if **you** or the person seeking coverage is not at fault. Refer to your policy documents for the claims phone number.

**You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident or loss,** the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

If **you** or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the **accident,** or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police within 24 hours or as soon as practicable. However, for purposes of uninsured motorist coverage when the owner or operator of a vehicle involved in the accident cannot be identified, **you** or the person seeking coverage must notify the police no more than 30 days after the accident.

A person seeking coverage must:

1.    cooperate with **us** in any matter concerning a claim or lawsuit;
2.    provide any written proof of **loss we** may reasonably require;
3.    allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you, a relative,** or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4.    promptly call **us** to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to any claim or lawsuit;
5.    attend hearings and trials as **we** require;
6.    submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require;
7.    authorize **us** to obtain medical and other records;
8.    take reasonable steps after a **loss** to protect the **insured auto** from further **loss. We** will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;
9.    allow **us** to have access to an **insured auto** or other **auto** involved in an **accident or loss** and to have it inspected and appraised before its repair or disposal; and

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

10.   authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

…

16.   **Duty to Report Changes**

**You** must promptly notify **us** when:

1.   **your** mailing or business address changes;
2.   the principal garaging address of an **insured auto** changes;
3.   there is any change with respect to the persons who operate an **insured auto;**
4.   there is a change in the driver's license status, or state or country of license issuance, of any person using an **insured auto;** or
5.   **you** acquire, sell, or dispose of **autos.**

Form 6912 (02/19).

3.19   The Commercial Policy includes the following definitions:

1.   "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.

2.   "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. […]

…

6.   "**Insured auto**" or "**your insured auto**" means:

a.   Any **auto** specifically described on the **declarations page;** or
b.   An additional **auto** for Part I – Liability To Others and/or Part II – Damage To Your Auto on the date **you** become the owner if:

(i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;
(ii)   **we** insure all **autos** owned by **you** that are used in **your** business;

COMPLAINT FOR DECLARATORY RELIEF – 14
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

(iii)     no other insurance policy provides coverage for that **auto**; and

(iv)     **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If you add any coverage, increase your limits, or make any other changes to this policy during the 30-day period after you acquire an additional auto, these changes to your policy will not become effective until after you ask us to add the coverage, increase your limits, or make such changes for the additional auto. We may charge premium for the additional auto from the date you acquire the auto.

With respect to Part I – Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any auto shown on the **declarations page**.

…

c.     Any replacement **auto** on the date **you** become the owner if:

(i)     **you** acquire the **auto** during the policy period shown on **the declarations page**;

(ii)     the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

(iii)     no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits, or make any other changes to **your**

COMPLAINT FOR DECLARATORY RELIEF  – 15
Case No. 3:23-cv-6068

policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes.

…

17.　"**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

…

21.　"**You**", "**Your**" and "**Yours**" refer to the named insured shown on the **decelerations page**.

Form 6912 (02/19).

16.　"**Suit**" means a civil proceeding involving allegations of damages because of **bodily injury**, **property damage** or **personal and advertising injury** to which this insurance applies. Suit includes but is not limited to:

　　a.　An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with **our** consent; or

　　b.　Any other alternative dispute resolution proceeding in which such damages are claimed and to which the **insured** submits with **our** consent.

Form Z433 WA (07/08).

**C.**　　**The Personal Policy**

　　3.20　UFCC reserves the right to assert any other policy language or coverage forms of the Commercial Policy that may be potentially applicable to this action.

COMPLAINT FOR DECLARATORY RELIEF – 16
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

3.21    UFCC issued a personal automobile policy to the Papirnik Defendants, Policy No. 71081747 (effective 5/5/23-11/5/23) (the "Personal Policy").

3.22    The Personal Policy listed a 2022 Mercedes-Benz S500 4 Door Sedan. Coverage for this vehicle included $100,000 each person/$300,000 each accident bodily injury limit of liability and a $50,000 each accident property damage limit of liability.

3.23    UFCC tendered the full limit of liability under the Personal Policy with respect to the subject loss.

## IV.    NO INDEMNITY OR DEFENSE COVERAGE IS OWED UNDER THE UFCC POLICIES

4.1    UFCC incorporates by reference all the allegations contained in paragraphs 1.1 – 3.23 as if set forth fully herein.

4.2     Pursuant to the Commercial Policy's Commercial Auto coverage part, Rapid Age, with respect to an "insured auto", qualifies as an insured.

4.3     An actual and justiciable controversy exists as to whether subject loss involves an "insured auto" such that Rapid Age is an "insured" under the Commercial Policy's Commercial Auto coverage part.

4.4    Pursuant to the Commercial Policy's Commercial Auto coverage part, a person while using, with Rapid Age's permission and within the scope of that permission, an "insured auto" Rapid Age owns, hires, or borrows qualifies as an insured.

4.5    An actual and justiciable controversy exists as to whether the Papirnik Defendants qualify as insureds under the Commercial Policy's Commercial Auto coverage part.

4.6    Pursuant to the foregoing, if Rapid Age pays the premium for liability coverage for the "insured auto" involved, the Commercial Policy's Commercial Auto insuring agreement provides coverage for "bodily injury" and "property damage" for which an "insured" becomes

COMPLAINT FOR DECLARATORY RELIEF  – 17
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1   legally responsible because of an "accident" arising out of the ownership, maintenance, or use of

2   that "insured auto."

3       4.7     An actual and justiciable controversy exists as to whether subject loss involves an

4   "insured auto" such that the Commercial Policy's Commercial Auto insuring agreement attaches.

5       4.8     Pursuant to the Commercial Policy's CGL coverage part, if the entity designated

6   on the "declarations page" is a limited liability company, that limited liability company qualifies

7   as an insured. That limited liability company's members also qualify as insureds, but only with

8   respect to the conduct of that limited liability company's business. That limited liability company's

9   managers also qualify as insureds, but only with respect to their duties as that limited liability

10  company's managers.

11      4.9     An actual and justiciable controversy exists as to whether the Papirnik Defendants

12  qualify as "insureds" under the Commercial Policy's CGL coverage part.

13      4.10    Pursuant to the foregoing, the Commercial Policy's CGL coverage part provides

14  that UFCC will have the right and the duty to defend an "insured" against any "suit" seeking

15  damages because of "bodily injury" or "property damage." In the event that a claim or "suit" seeks

16  damages, some of which are covered and others of which are not covered by this policy, Rapid

17  Age must agree to a reasonable allocation of the costs and fees of defense, and Rapid Age will be

18  responsible for payment of the costs and fees to defend the damages or claims not covered by this

19  policy. This agreement shall be reached in writing, signed by Rapid Age and UFCC, prior to the

20  date when a responsive pleading to the claim or "suit" is filed on behalf of Rapid Age. In the

21  absence of such agreement, UFCC's duty to defend will apply only to those specific portions of

22  the "suit" that are covered.

23      4.11    An actual and justiciable controversy exists as to whether the subject loss gave rise

24

COMPLAINT FOR DECLARATORY RELIEF – 18
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

1  to a claim or "suit" seeking damages which are not covered under the Commercial Policy's CGL

2  coverage part.

3      4.12   Pursuant to the foregoing, the Commercial Policy's CGL coverage part excludes

4  coverage for "bodily injury" and "property damage" arising out of any activity other than Rapid

5  Age's trucking operations.

6      4.13   An actual and justiciable controversy exists as to whether the subject loss involves

7  activity other than Rapid Age's trucking operations.

8      4.14   Pursuant to the foregoing, the Commercial Policy's CGL coverage part excludes

9  coverage for "bodily injury" and "property damage" arising out of the ownership, maintenance,

10  use, or entrustment to others of any "auto" owned by any insured.

11      4.15   An actual and justiciable controversy exists as to whether the subject loss arises out

12  of the ownership, maintenance, use, or entrustment to others of any "auto" owned by any insured.

13      4.16   UFCC reserves the right to assert any other exclusions or grounds for which

14  coverage for the claims asserted in the Underlying Claims may be excluded under the UFCC

15  Policies.

16  **V.    CAUSE OF ACTION FOR DECLARATORY RELIEF**

17      5.1   UFCC reasserts paragraphs 1.1 through 4.16  and incorporate the same as though

18  fully set forth herein.

19      5.2   Actual and justiciable controversies exist as to whether any defense coverage is

20  owed to the Papirnik Defendants and Rapid Age under the Commercial Policy regarding the claims

21  asserted against them in the Underlying Claims.

22      5.3   Pursuant to and in accordance with 28 U.S.C. § 2201, UFCC requests that the Court

23  grant declaratory relief in its favor and enter a judicial determination that UFCC does not have an

24

COMPLAINT FOR DECLARATORY RELIEF  – 19
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1   obligation to provide a defense to the Papirnik Defendants or Rapid Age under the Commercial

2   Policy regarding the claims asserted against them in the Underlying Claims.

3       5.4    Actual and justiciable controversies exist as to whether any indemnity coverage is

4   available to the Papirnik Defendants or Rapid Age under the Commercial Policy regarding the

5   claims asserted against them in the Underlying Claims.

6       5.5    Pursuant to and in accordance with 28 U.S.C. § 2201, UFCC requests that the Court

7   grant declaratory relief in its favor and enter a judicial determination that UFCC does not have an

8   obligation to any indemnity coverage to the Papirnik Defendants or Rapid Age under the

9   Commercial Policy regarding the claims asserted against them in the Underlying Claims.

10   ## VI.    PRAYER FOR RELIEF

11   UFCC, having alleged the foregoing, does now hereby pray for relief as follows:

12       1.    For a declaration that UFCC owes no defense obligation to the Papirnik Defendants

13   or Rapid Age for any claims asserted against them, including but not limited to the Underlying

14   Claims, arising from the subject loss.

15       2.    For a declaration that UFCC owes no indemnity obligation to the Papirnik

16   Defendants or Rapid Age for any claims asserted against them, including but not limited to the

17   Underlying Claims, arising from the subject loss.

18       3.    For a declaration that the Underlying Claimants are bound by any judicial

19   declarations in this matter involving the UFCC Policies.

20       4.    For all interest allowed by law.

21       5.    For attorney fees and costs allowed by statute and law.

22       6.    For other and further relief as the Court deems just and equitable.

23

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

DATED this 21st day of November 2023.

LETHER LAW GROUP

*s/ Eric J. Neal*
*s/ Kasie Kashimoto*
Eric J. Neal, WSBA #31863
Kasie Kashimoto, WSBA #54268
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 F: 206-467-5544
eneal@letherlaw.com
kkashimoto@letherlaw.com
*Counsel for United Financial*
*Casualty Company*

COMPLAINT FOR DECLARATORY RELIEF  – 21
Case No. 3:23-cv-6068

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544