1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED FINANCIAL CASUALTY
COMPANY,

                        Plaintiff,

        v.

RAPID AGE GROUP LLC et al.,

                        Defendant.

CASE NO. 3:23-cv-06068-DGE

ORDER REQUESTING
SUPPLEMENTAL BRIEFING ON
MOTION TO SERVE BY
PUBLICATION (DKT. NO. 27)

Before the Court is Plaintiff United Financial Casualty Company ("UFCC")'s Motion for

Leave to Serve Defendant Estate of Calsie Sockyma, Defendant Estate of Lisa Esparza, and

Defendant Estate of Cerra Corner (the "Estates") by Publication.  (Dkt. No. 27.)  UFCC has been

unable to locate the personal representatives for the Estates of Calsie Sockyma, Lisa Esparza,

and Cerra Corner.  For the reasons stated herein, the Court is inclined to deny Plaintiff's Motion,

but offers Plaintiff an opportunity provide supplemental briefing on its Motion.

The accident giving rise to this action took place in King County and involved the

decedents, who resided in various counties in Arizona.  (*Id.* at 4–5.)  Plaintiff thus requests leave

from the Court pursuant to Fed R. Civ. P. 4(e)(1) and LCR 4(d)(3) to serve by publication in The

Seattle Times, The Arizona Republic; East Valley Tribune; Arizona Daily Sun; and Arizona

Daily Star.  (*Id.*)

"Service by publication is in derogation of the common law and cannot be used when personal service is possible." *United States v. Laborde*, No. C06-1548P, 2007 WL 760406, at *2 (W.D. Wash. Mar. 8, 2007) (citing *Dobbins v. Mendoza*, 947 P.2d 1229, 1233–1234 (Wash. App. 1997)), *cf. Walker v. Dallas*, 706 P.2d 1207, 1212 (Ariz. 1985) ("[I]t is critical to insist upon a showing of reasonable diligence before service by publication is appropriate").  Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits or where service is made.  Fed. R. Civ. P 4(e)(1).  Under Washington law:

> upon presenting an affidavit to the court or judge, showing to his or her satisfaction that the heirs of such deceased person are proper parties to the action, and that their names and residences cannot with use of reasonable diligence be ascertained, such court or judge may grant an order that service of the summons in such action be made on such "Unknown heirs" by publication thereof in the same manner as in actions against nonresident defendants.

Wash. Rev. Code § 4.28.140.  Arizona authorizes service by publication only if:

> (A) the last-known address of the person to be served is outside Arizona but:
>
>> (i) the serving party, despite reasonably diligent efforts, has not been able to ascertain the person's current address; or
>>
>> (ii) the person has intentionally avoided service of process; and
>
> (B) service by publication is the best means practicable in the circumstances for providing notice to the person of the action's commencement.

Ariz. R. Civ. P. 4.2(f); *Cox v. CoinMarketCap OpCo LLC*, No. CV-21-08197-PCT-SMB, 2022 WL 838212, at *1 (D. Ariz. Feb. 1, 2022).

The attached declaration of Charlotte Melanie Pesola-Gonzalez, claims specialist for UFCC, states that "[u]pon information and belief, prior to the subject loss, Calise Sockyma, Lisa Esparza, and Cerra Corner were residents of Arizona.  They were here in Tacoma, Washington temporarily on vacation."  (Dkt. No. 29 at 2.)  She states prior to their passing, they were

1  believed to be residents of any of the following localities: Tuba City, Arizona; Phoenix, Arizona;

2  Scottsdale, Arizona; Goodyear, Arizona; Flagstaff, Arizona; Meonkopi, Arizona; or Kayenta,

3  Arizona.  (*Id.*)  According to the declaration in support of the motion, Plaintiff's counsel has run

4  weekly probate checks in the following localities: Tuba City, Arizona; Phoenix, Arizona;

5  Scottsdale, Arizona; Goodyear, Arizona; Flagstaff, Arizona; Meonkopi, Arizona; Kayenta,

6  Arizona; Seattle, Washington; and Tacoma, Washington.  (Dkt. No. 28 at 2.)  Counsel has

7  checked databases and court dockets weekly and has been unable to find the remaining

8  decedents' estates or their personal representatives, has been unable to run a skip trace or hire a

9  private investigator without the identities or residences of any personal representatives, and is not

10  aware of any personal counsel representing Defendant Estates.  (*Id.*)  UFCC has also attempted

11  to contact counsel for some of the other Defendants to try and obtain information about the

12  unknown Estates.  (*Id.*)

13          Under Arizona law, Plaintiff's request cannot be maintained by language of the statute

14  because the last known addresses of the persons to be served are not outside Arizona, but in fact

15  thought to be within certain counties within Arizona.  Ariz. R. Civ. P. 4.2(f).  And, under

16  Washington law, while serving unknown heirs is permissible under certain circumstances, the

17  "unknown heirs" of the unserved defendants here are not the proper party in interest.  The

18  Estates, if they exist, are the proper parties; if the Estates do not exist, Plaintiff must create them

19  with its claim and force probate:  "[a] person having a claim against the decedent may not

20  maintain an action on the claim unless a personal representative has been appointed and the

21  claimant has presented the claim as set forth in this chapter."  Wash. Rev. Code

22  11.40.010.  Upon presentation of the claim, if no family member steps forward to act as personal

23  representative of the estate, the judge may appoint an individual: "[w]hen, by reason of an action

24

concerning the proof of a will, or from any other cause, there shall be a delay in granting letters testamentary or of administration, the judge may, in his or her discretion, appoint a special administrator (other than one of the parties) to collect and preserve the effects of the deceased . . ." Wash. Rev. Code 11.32.010.  Arizona's probate statutes provide similar language. *See* Ariz. Rev. Stat. Ann. §§ 14-3103–14-3105.

Additionally, if Plaintiff believes the Estates do not exist, it is unclear how publication would be reasonably calculated to provide notice.  "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Service by publication under these circumstances does not meet the requirements of due process.

Although the Court recognizes Plaintiff has put forth diligent efforts to locate and serve the Estates, it appears Plaintiff fails to meet the requirements to authorize service by publication under either Washington or Arizona law.

Notwithstanding, Plaintiff has until May 10, 2024 to supplement its briefing and otherwise identify authority supporting its Motion to Serve by Publication.

DATED this 3rd day of May 2024.

David G. Estudillo
United States District Judge